

# ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

August 25, 2004

Ms. Sandy Smith
Executive Director
Texas Board of Professional Land Surveying
7701 North Lamar, Suite 400
Austin, Texas 78752

Opinion No. GA-0239

Re: Whether the Board of Professional Land Surveying may establish a "retired status" category for its registrants, set a reduced renewal fee, and waive continuing education requirements for those individuals (RQ-0191-GA)

Dear Ms. Smith:

You ask whether the Board of Professional Land Surveying (the "Board") may establish a "retired status" category for its registrants, set a reduced renewal fee, and waive continuing education requirements for those individuals.[1]

Chapter 1071 of the Occupations Code, the Professional Land Surveyors Practices Act, governs the regulation of the practice of land surveying. Subchapter B thereof establishes the Texas Board of Professional Land Surveying, composed of nine members, including a commissioner, who is "the commissioner of the General Land Office." TEX. OCC. CODE ANN. §§ 1071.002(2), .051(a) (Vernon 2004). The remaining eight members of the Board are appointed by the governor based "on the recommendation of the commissioner," and "with the advice and consent of the senate." *Id.* § 1071.051(b). The Board is authorized to "adopt and enforce reasonable and necessary rules and bylaws to perform its duties under this chapter . . . to establish standards of conduct and ethics for land surveyors" and to "set fees in amounts reasonable and necessary to cover the costs of administering" chapter 1071. *Id.* §§ 1071.151(a), .1526.

Chapter 1071 provides that "[a] person may not engage in the practice of professional surveying unless the person is registered, licensed, or certified as provided in this chapter." *Id.* § 1071.251(b). Subchapter F describes the registration, licensing, and certification requirements for an individual who wishes to perform professional land surveying. *See id.* §§ 1071.251-.263. Subchapter G sets forth the requirements for license renewal, as well as those relating to continuing professional education. *Id.* §§ 1071.301, .305. You indicate that the license renewal fee is set by the Board at $150 per year. *See* Request Letter, *supra* note 1, at 1. In addition, section 1071.1521 establishes an additional renewal fee of $200. *See* TEX. OCC. CODE ANN. § 1071.1521 (Vernon 2004). Finally, section 1071.263 creates an "inactive status" category. That section provides:

---

[1]Letter from Sandy Smith, Executive Director, Texas Board of Professional Land Surveying, to Honorable Greg Abbott, Texas Attorney General (Mar. 8, 2004) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

> (a) A registered professional land surveyor may request inactive status at any time before the expiration date of the person's certificate of registration. A registration holder on inactive status may not practice surveying.
>
> (b) A registration holder on inactive status must pay an annual fee set by the board.
>
> (c) A registration holder on inactive status is not required to:
>
> > (1) comply with the professional development requirements adopted by the board; or
> >
> > (2) take an examination for reinstatement to active status.
>
> (d) To return to active status, a registration holder on inactive status must file with the board a written notice requesting reinstatement to active status.

*Id.* § 1071.263. You state that the Board has set the renewal fee for a person on "inactive status" at $37, "which does not include the $200 increase." Request Letter, *supra* note 1, at 1. Your question is whether the Board may establish a further category of "retired status," in order to reduce the fees paid by registered land surveyors over the age of 65, and to eliminate the continuing education requirements for those individuals. *See id.* A person in such status would be permitted to practice professional land surveying.

The authority of a state governmental agency is derived entirely from legislative enactment. *See Corzelius v. R.R. Comm'n*, 182 S.W.2d 412, 415 (Tex. Civ. App.–Austin 1944, no writ). Such an agency may exercise only those powers expressly conferred, together with those that may necessarily be implied from the powers expressly granted. *See Pub. Util. Comm'n v. City Pub. Serv. Bd. of San Antonio*, 53 S.W.3d 310, 316 (Tex. 2001). An agency may not exercise what is effectively a new power on the theory that such an exercise is expedient for the agency's purposes. *See id.*

Chapter 1071 of the Occupations Code does not expressly authorize the Board to create a "retired status" category. Nor, in our opinion, may the authority to do so be inferred from any provision of chapter 1071. By contrast, chapter 1001 of the Occupations Code, which relates to professional engineers, expressly provides for reduced license fees and annual renewal fees for engineers who are at least 65 years of age. *See* TEX. OCC. CODE ANN. § 1001.205(b) (Vernon 2004). This provision indicates that the legislature knows how to authorize reduced fees for licensees over the age of 65. It has done so in the case of professional engineers; it has not done so in the case of professional land surveyors. As a result, we conclude that the Board of Professional Land Surveying may not establish a "retired status" for its registrants, set a reduced renewal fee, and waive continuing education requirements for those individuals.

## S U M M A R Y

The Board of Professional Land Surveying may not establish a "retired status" for its registrants, set a reduced renewal fee, and waive continuing education requirements for those individuals.

Yours very truly,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee